# In the United States Court of Federal Claims

No. 20-932
Filed: December 16, 2025

| | |
|---|---|
| KOTIS ASSOCIATES, LLC, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) ) |

**ORDER AND OPINION**

Before the Court is plaintiffs' motion for reimbursement of attorneys' fees in the amount of $1,885,886, along with $597,228.81 in litigation expenses under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 ("URA"), as amended by 41 U.S.C. § 4601.[1]  For the following reasons, plaintiffs' motion is **GRANTED-IN-PART** and **DENIED-IN-PART** and the Court awards $1,783,886 in attorneys' fees and $597,228.81 in expenses to plaintiffs.

**BACKGROUND**

On April 22, 2025, the Court issued a trial opinion awarding plaintiffs $42,641,740 in just compensation and interest following a valuation trial held in December 2022.  *See* ECF No. 206 ("Damages Opinion").[2]  The Damages Opinion did not address plaintiffs' entitlement to reimbursement of attorneys' fees and expenses under the URA.  On May 6, 2025, the Court issued an order adopting the parties' agreed-upon briefing schedule addressing whether plaintiffs are entitled to reimbursement of attorneys' fees and expenses.  *See* May 6, 2025 Order, ECF No. 212.  The Court's order directed plaintiffs to file a renewed motion for attorneys' fees by May 15, 2025 and for defendant to file any responsive briefing by July 15, 2025.  *Id*. at 1.[3]

---

[1] In their opening motion, plaintiffs requested reimbursement of $1,796,166 in attorney fees and $597,089.06 in expenses.  *See* ECF No. 213.  After submitting that motion, plaintiffs' incurred additional fees of $89,720 and expenses of $139.75.  *See* Plaintiffs' Reply in Support of Their Motion for Attorneys' Fees and Litigation Expenses, ECF No. 229 at 8 [hereinafter Pls.' Reply].

[2] The Court also awarded interest for delay damages to be calculated using Moody's Aaa Corporate Bond Rate at an annual compound rate.  *See* ECF No. 208.

[3] On November 17, 2023, plaintiffs had previously filed a motion for attorneys' fees and expenses.  *See* Plaintiffs' Motion for Attorney Fees and Litigation Expenses, ECF No. 184.  The motion, however, preceded entry of

1

On May 15, 2025, plaintiffs timely filed their motion for attorneys' fees and expenses. *See* Motion for Attorneys Fees and Litigation Expenses Under the URA, ECF No. 213 [hereinafter Plaintiffs' Mot.]. The motion was accompanied by detailed billing entries—broken down by date of entry, timekeeper, applicable rate, and a description of the work performed— reflecting the time expended successfully litigating this matter. In total, plaintiffs seek reimbursement of $1,885,886 in attorneys' fees for 4,135.10 hours of attorney and staff time billed through October 22, 2025 (including $7,951 in fees generated in preparation for filing a complaint in this matter). *Id*. at 2; Pls.' Reply at 8.[4] Plaintiffs also seek reimbursement of $597,228.81 in expenses through the same date.

Nearly two months after the Court set a briefing schedule on the issue of attorneys' fees and expenses, defendant appealed the judgment entered by the Court concerning the amount of just compensation owed. *See* Notice of Appeal, ECF No. 215. That appeal remains pending before the United States Court of Appeals for the Federal Circuit and does not challenge any finding that defendant's actions constituted a taking of plaintiffs' compensable property interests—liability that defendant stipulated to before trial. *See* Joint Stipulation of Facts for Trial, ECF No. 117.

Following its appeal, defendant requested a stay of its deadline to file a response to plaintiffs' motion for attorneys' fees and expenses, arguing that this "Court lacks jurisdiction to award attorneys' fees and expenses" pending resolution of defendant's appeal over the amount of compensation owed. *See* Motion to Stay Briefing on Plaintiffs' Motion for Attorneys' Fees and Litigation Expenses, ECF No. 217 at 1. Defendant argued that its pending appeal over *damages* divested this Court of authority to award *attorneys' fees* and *expenses* under the URA. *Id*. at 2. According to defendant, a prevailing plaintiff can seek reimbursement of fees and expenses "only once a judgment is entered and that judgment becomes final." *Id*. at 2. As the Court's findings over just compensation were on appeal, "Plaintiffs' petition for URA fees and expenses is not properly before the Court, which lacks jurisdiction to rule on it." *Id*. On July 2, 2025, the Court issued an order denying defendant's motion to stay briefing following a status conference. *See* July 2, 2025 Order, ECF No. 220.

Less than two weeks later, defendant filed a separate motion requesting a three-month extension of time to respond to plaintiffs' pending motion for fees and expenses, citing the attention it was devoting to its appeal, the jurisdictional arguments previously raised, and the general "demands of deadlines in other matters." *See* Motion for Extension of Time to File

---

judgment, and its consideration was *de facto* stayed. *See* Defendant's Motion to Stay, ECF No. 185. On April 22, 2025, the Court vacated the *de facto* stay and directed the parties to propose a schedule for further briefing. *See* Apr. 22, 2025 Order, ECF No. 207 at 1.

[4]     Plaintiffs argue that the fees for which they seek reimbursement are reasonable because "[a]s of August 30, 2024, the United States had billed 598.9 more hours than [plaintiffs' counsel], or 15.6% more hours" in litigating this matter." *See* Pls.' Mot. at 22.

2

Response as to Plaintiffs' Motion for Attorney Fees and Litigation Expenses Under the URA, ECF No. 223 at 1.  The Court reluctantly granted that extension request and ordered defendant to file responsive briefing no later than October 15, 2025.  *See* July 15, 2025 Order, ECF No. 225.  Recognizing that continued "delay in the award of attorney fees and costs is prejudicial to" plaintiffs, the Court warned defendant that "[a]ny further extensions of time are disfavored."  *Id*. at 1.

On September 30, 2025, congressional appropriation to the United States Department of Justice lapsed.  The Justice Department promptly filed motions seeking stays in hundreds of pending matters in federal courts across the country.  Defendant did not do so here.  Instead, defendant moved for a stay of proceedings On October 14, 2025—more than two weeks after the lapse in appropriation and one day before its response brief was due concerning plaintiffs' entitlement to attorney fees and expenses.  *See* Motion to Stay Pending Restoration of Appropriations, ECF No. 226.  The Court denied that late request, explaining that "any further delay in this case is highly prejudicial to the plaintiffs."  *See* Oct. 14, 2025 Order, ECF No. 227 at 1.

On its deadline, defendant submitted a three-page "Statement Regarding Plaintiffs' Motion for an Award of Attorneys' Fees and Costs" in lieu of a substantive response brief.  *See* The United States' Statement Regarding Plaintiffs' Motion for an Award of Attorneys' Fees and Costs, ECF No. 228 [hereinafter Def.'s Statement].  That statement recycled the argument previously rejected by the Court in its July 2, 2025 order that it lacked "jurisdiction to entertain a petition for attorneys' fees and costs premised on the appealed judgment."  *Id*. at 1.  Although purporting to "fully reserve[] its rights" to respond in the future "with respect to any request for attorneys' fees and costs," defendant did not address any factual or legal arguments raised in  plaintiffs' motion for fees and expenses.  *Id*. at 2.

On October 22, 2025, plaintiffs timely filed a reply in support of its motion for attorneys' fees and expenses, pointing out that defendant "*could* have provided a substantive response to Plaintiffs' URA Motion, which the United States has had in its possession since May 15, 2025— five months—considerably longer than the 28 days permitted under RCFC 54(d)(2)(D)(i)."  Pls.' Reply at 6–7 (emphasis in the original).  By raising arguments previously rejected by the Court and otherwise failing to substantively respond by the Court-ordered deadline, plaintiffs argued that defendant waived its right to any further response on the question of reimbursement of fees and expenses.  *Id*.

## DISCUSSION

### I. Jurisdiction and Waiver

At the outset, the Court must consider two interrelated questions: (1) whether the Court retains jurisdiction over plaintiffs' motion for attorneys' fees and expenses while the merits of the Court's judgment concerning damages is on appeal; and (2) whether defendant's failure to substantively respond to plaintiffs' motion for fees and expenses by the court-ordered deadline amounts to a waiver of any rebuttal argument.

3

The Court answers the first two questions in the affirmative. Regarding jurisdiction, the Court notes that defendant's pending appeal seeks review of the Court's award of just compensation in the amount of $42,641,740 (plus interest) under RCFC 54(b). There is no doubt that the pending appeal has jurisdictional implications. Those jurisdictional implications, however, only preclude this Court from further rulings "over those aspects of the case involved in the appeal" and do not extend to plaintiffs' pending motion for fees and expenses. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Since defendant's appeal did not raise plaintiffs' entitlement to fees and expenses, the Court retains jurisdiction over this inquiry.

Defendant's jurisdictional argument fails for other reasons. For instance, it is well-established that a decision regarding fees and expenses is "separate from" and "collateral to" a decision on the merits. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200 (1988) (quoting *White v. New Hampshire Dep't of Emp. Sec.*, 455 U.S. 445, 451 (1982) (Scalia, J.)). "Notwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters, including claims for attorneys' fees." *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004); *see also Memmer*, 2017 WL 2920032, at *1 (Fed. Cl. July 7, 2017) ("While it is true that defendant's appeal divests this court of jurisdiction over issues related to the RCFC 54(b) judgment … the court retains jurisdiction to conduct proceedings on plaintiffs' anticipated URA claim.") (citation omitted). In sum, a prevailing party's request for attorneys' fees and expenses qualifies as an ancillary post-judgment inquiry that properly resides with the Court notwithstanding an appeal on the merits of the action.

Likewise, an award of attorneys' fees was historically "regarded as an element of costs" that were distinct from the compensation awarded to a plaintiff to remedy the injury sustained. *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989) (citing *Budinich*, 486 U.S. at 200); *Health Republic Ins. Co. v. United States*, 176 Fed. Cl. 746, 755–56 (2025). The same holds true here: plaintiffs' request for attorneys' fees and costs are costs arising from litigation rather than damages.

The Court also finds that defendant's failure to respond to plaintiffs' motion for fees and expenses by the Court-ordered deadline constitutes a waiver precluding defendant from any further response. *Superior Waste Mgmt. LLC v. United States*, 169 Fed. Cl. 239, 297 (2024) (quoting *Sarro & Assocs., Inc. v. United States*, 152 Fed. Cl. 44, 58–59 (2021) ("A party's failure to raise an argument in an opening or responsive brief constitutes waiver.")). The Court's July 15, 2025 order could not have been clearer. After reluctantly granting defendant's three-month extension request, the Court warned defendant of the prejudice that would result from continued delay in the award of fees and expenses. The Court expressly cautioned that "further extensions of time" were "disfavored." *See* July 15, 2025 Order at 1. Disregarding that order, defendant declined to file any briefing that responded to plaintiffs' motion on the merits. Instead, defendant decided to file a "statement" rehashing jurisdictional arguments previously considered and rejected by the Court. *See* Def.'s Statement. The Court treats defendant's failure to respond to any of the legal and factual arguments raised by plaintiffs in support of their motion for fees and expenses as a waiver of any rebuttal argument.

While defendant's actions have deprived the Court from considering plaintiffs' motion with the benefit of a full set of briefing, the Court will nonetheless issue a ruling based upon the

materials currently before it.  Mindful of its independent obligation to review the reasonableness of the requested fees and expenses, the Court will not simply rubberstamp plaintiffs' motion for fees and expenses.

    **II.**       **Lodestar Calculation**

As a general matter, our legal system adheres to the "American Rule" under which "each party in a lawsuit ordinarily shall bear its own attorney's fees." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).  There are, however, "certain categories of cases [in which] Congress has carved out exceptions to the American Rule and allowed for recovery of attorneys' fees." *Bywaters v. United States*, 670 F.3d 1221, 1226 (Fed. Cir. 2012).  One such category are those cases covered by the statutory fee-shifting provisions of the URA.  Under the URA, a plaintiff is entitled to an award of reasonable attorneys' fees and expenses for services rendered in vindicating their takings or condemnation claims against the United States.  The URA provides in relevant part:

> The court rendering a judgment for the plaintiff in a proceeding brought under section 1346(a)(2) or 1491 of Title 28, awarding compensation for the taking of property by a Federal agency, or the Attorney General effecting a settlement of any such proceeding, shall determine and award or allow to such plaintiff, as a party of such judgment or settlement, such sum as will in the opinion of the court or the Attorney General reimburse such plaintiff for his reasonable costs, disbursements, and expenses, including reasonable attorney ... fees, actually incurred because of such proceeding.

42 U.S.C. § 4654(c).  In enacting the fee-shifting provisions of the URA, Congress sought to ensure that landowners could "retain the full compensation of the value of their property by mandating the Government to assume the litigation expenses of counsel in bringing forth the takings claim." *Haggart v. Woodley*, 809 F.3d 1336, 1359 (Fed. Cir. 2016) (*Haggart II*).  The URA's fee-shifting provisions also "ensure[] that plaintiffs with small takings claims can attract and retain the assistance of competent counsel." *Arnold v. United States*, 163 Fed. Cl. 13, 22–23 (2022).

As with other statutory fee-shifting regimes, the preferred method for calculating the amount of attorney fees owed is the "lodestar method."  *Id*. at 24; *Bywaters v. United States*, 670 F.3d 1221, 1228–29 (Fed. Cir. 2012) ("In determining the amount of reasonable attorneys' fees under federal fee-shifting statutes, the Supreme Court has consistently upheld the lodestar calculation as the guiding light of [its] fee-shifting jurisprudence.") (internal citation and quotation marks omitted).  Under this method, the court calculates the fees owed by multiplying the number of reasonable hours expended in pursuit of a successful claim by each attorney's reasonable hourly rate.  *Haggart II*, 809 F.3d at 1355 (quoting *City of Burlington v. Dague,* 505 U.S. 557, 559–60 (1992) (the lodestar method is "'the product of reasonable hours times a reasonable rate.'")).  The party seeking reimbursement bears the burden for documenting the hours expended on the litigation with the requisite specificity to enable meaningful review and demonstrating the reasonableness of those hours as well as the claimed hourly rates.  *Hensley*, 461 U.S. at 437; *Stimson Lumber*, 154 Fed. Cl at 703 (citing *Bywaters*, 67 F.3d at 1229).

### A. Hourly Rates

Courts generally employ forum rates to calculate attorney fee awards under fee-shifting statutes. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008) (citing cases). More specifically, courts look to the "prevailing market rate" of the forum court in assessing the reasonableness of the hourly rates claimed by counsel for the prevailing party. *Id.* "'[T]he prevailing market rate' [is] defined as the rate 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). There is, however, an exception to the forum rule where the bulk of the legal work is performed outside of the forum in which the court sits and "in a legal market where the prevailing attorneys' rates are substantially lower." *Avera*, 515 F.3d at 1349 (adopting exception recognized in *Davis Cnty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. E.P.A.*, 169 F.3d 755 (D.C. Cir. 1999) where legal services were performed entirely in Cheyenne, Wyoming, and the prevailing market rates in Cheyenne were significantly lower than the requested Washington, D.C. rates).

Although plaintiffs stress that the *Davis County* exception does not apply in these circumstances because plaintiffs seek reimbursement "for the precise amount" of fees incurred and paid by plaintiffs at the "historic rates" charged by Lewis Rice (the law firm of plaintiffs' counsel) for each of the relevant years, that argument does not address the *reasonableness* of the fees charged in the context of the legal community in which the work was performed. Indeed, the vast majority of the work performed by plaintiffs' counsel took place in St. Louis, Missouri—"a legal market where the prevailing hourly rates are significantly lower than those in Washington, D.C." *Arnold*, 163 Fed. Cl. at 25. The Court accordingly evaluates the hourly rates charged by plaintiffs' counsel against the prevailing hourly rates within the St. Louis, Missouri legal market.

Plaintiffs described the hourly rates charged by Lewis Rice attorneys and professional staff as "the usual and customary rates billed by each timekeeper during the relevant time period rather than rates for this particular case." Pls.' Mot. at 23. Since July 7, 2020, plaintiffs claim the following hourly rates for Lewis Rice:

| Timekeeper | Title | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|---|
| Lindsay S.C. Brinton | Member | $585.00 | $635.00 | $660.00 | $695.00 | $725.00 | $765.00 |
| Meghan S. Largent | Member | $595.00 | $645.00 | $660.00 | $695.00 | $725.00 | $765.00 |
| Michael Armstrong | Member | | | $495.00 | $525.00 | $550.00 | $575.00 |
| T. Hunter Brown | Associate | $350.00 | | $425.00 | $460.00 | $485.00 | |
| Lucas D. Jackson | Associate | | | $405.00 | $440.00 | | |
| Ryan T. Harding | Associate | | | $325.00 | | | |
| Evan P. Jefferson | Associate | | | $275.00 | | | |
| Devin A. Hayes | Associate | | | $275.00 | | | |
| Marlee L. Rowe | Associate | | | | | | $350.00 |
| Jeannine L. Moentmann | Paralegal | | | $290.00 | | | |
| Kathy Fitzgibbons | Paralegal | | | | $280.00 | | |
| Meredith Shrinivas | Paralegal | $200.00 | $200.00 | $210.00 | $220.00 | $225.00 | $230.00 |
| Tyler E. Fear | Paralegal | | | $210.00 | $220.00 | | |
| Courtney Ham | Paralegal | | | $210.00 | $220.00 | | |
| Jack Perryman | Paralegal | | | $200.00 | $200.00 | | |
| Allen, Ebony | Paralegal | $185.00 | | | | | |
| Anna Roland | Paralegal | | | $115.00 | $125.00 | | |
| Amanda Welker | Paralegal | | | | $125.00 | $150.00 | |
| Daniel Frew | Paralegal | | | | $125.00 | | |
| Aleanah Arraya | Paralegal | | | | $125.00 | $250.00 | |
| Zariah D. Jones | Paralegal | | | | $125.00 | $175.00 | $185.00 |

ECF No. 213 at 29.[5] Based on the evidence presented, the Court concludes that the hourly rates charged by Lewis Rice for the services of its counsel and staff are reasonable and appropriate under the circumstances. In support of their claimed rates, plaintiffs submitted sworn declarations from Richard B. Lewis Jr., the Chairman of Lewis Rice, and Emily E. Cantwell, the managing partner in the St. Louis office of a peer law firm that offers similar services. *See* ECF Nos. 213–6 [hereinafter Lewis Decl.], 213–7 [hereinafter Cantwell Decl.]. According to Mr. Lewis, the hourly rates charged by Lewis Rice in this matter are "reasonable and consistent with the St. Louis market standard rates for other legal professionals with comparable skill and experience." Lewis Decl. ¶ 4. With over forty years of experience at Lewis Rice, Mr. Lewis states that the hourly rates charged by Lewis Rice in this matter are similar to the rates that Lewis Rice charges to other clients. *Id.* ¶¶ 2, 8.

After reviewing the experience of each attorney assigned to this matter at the request of Lewis Rice, Ms. Cantwell also concluded that "the rates charged are reasonable and consistent with rates charged for similar work in the St. Louis legal community of a similar complexity." Cantwell Decl. ¶ 4. Ms. Cantwell represented that she has practiced law in the St. Louis market for fifteen years and is "very familiar with the hourly rates that Lathrop GPM's St. Louis office charges clients, as well as what other comparable St. Louis law firms charge for similar services." *Id.* ¶ 2.

---

[5] The $89,720 in additional fees that plaintiffs seek reimbursement for between the time period of May 7 and October 22, 2025 were fees charged at the same 2025 hourly rates set forth in the table below.

In addition to the sworn declarations, plaintiffs' reference various fee matrices to support the reasonableness of the hourly rates charged by Lewis Rice, including the gold-standard Fitzpatrick Matrix. Pls.' Mot. at 23–26. These fee tools, however, calculate the hourly rates for the Washington, D.C. legal market. Plaintiffs used the matrices solely to demonstrate that the rates charged by Lewis Rice in its St. Louis office do not materially depart from the prevailing rates in Washington, D.C. *Id*. at 25. If anything, plaintiffs argue, "the Fitzpatrick Matrix rates (when accounting for experience) are roughly the same to slightly more than Lewis rice's actual rates year over year…" *Id*.

Given the evidence presented by plaintiffs and the lack of any evidence presented by defendant, the Court finds that plaintiffs have established that the hourly rates charged by Lewis Rice for the services of its counsel and professional staff are reasonable given the nature of the legal services provided and the skill required. The Court therefore concludes that the reasonable rates for the services of counsel and other professionals in this case are those rates reflected in the chart set forth above.

### B. Compensable Hours

In addition to establishing the reasonableness of the hourly rates sought for reimbursement, the plaintiff also bears the burden of establishing that its motion for attorneys' fees seek reimbursement only for "appropriate hours expended." *Hensley*, 461 U.S. at 437. Like other fee-shifting regimes, the URA only permits reimbursement of hours spent on successful claims. *Hensley*, 461 U.S. at 440; *Bratcher v. United States*, 136 Fed. Cl. 786, 793 (2018) (work performed on behalf of unsuccessful claims is not recoverable). Other limitations exist on the type of hours reimbursable under the URA. For example, "hours that are excessive, redundant, or otherwise unnecessary" are not recoverable. *Hensley*, 461 U.S. at 434. Similarly, meaningful hours spent "on administrative, secretarial, and clerical tasks" such as "assembling documents, calendaring, filing, mailing, photocopying, proofreading, reviewing and managing client data" are generally not recoverable. *Arnold*, 163 Fed. Cl. at 37 (citing *Whispell Foreign Cars*, 139 Fed. Cl. at 395).

Here, plaintiffs request reimbursement of 4,135.10 hours expended on this case. Pls.' Mot. at 2–3; *see also* Pls.' Reply at 8. The following chart captures the number of hours broken down by timekeeper:

| Timekeeper | Title | Hours | Total |
|---|---|---|---|
| Lindsay S.C. Brinton | Member | 990.6 | $ 654,776.00 |
| Meghan S. Largent | Member | 734.2 | $ 484,910.00 |
| Michael Armstrong | Member | 285.7 | $ 148,421.00 |
| T. Hunter Brown | Associate | 59.2 | $ 25,140.50 |
| Lucas D. Jackson | Associate | 476.6 | $ 195,420.50 |
| Ryan T. Harding | Associate | 0.1 | $ 32.50 |
| Evan P. Jefferson | Associate | 53.3 | $ 14,657.50 |
| Devin A. Hayes | Associate | 20.7 | $ 5,692.50 |
| Marlee L. Rowe | Associate | 1.3 | $ 455.50 |
| **Total Attorney Time** | | **2,621.7** | **$ 1,529,506.00** |
| Jeannine L. Moentmann | Paralegal | 2.7 | $ 783.00 |
| Kathy Fitzgibbons | Paralegal | 4.5 | $ 1,260.00 |
| Meredith Shrinivas | Paralegal | 711.3 | $ 149,313.50 |
| Tyler E. Fear | Paralegal | 274.4 | $ 57,652.00 |
| Courtney Ham | Paralegal | 123.7 | $ 25,995.00 |
| Jack Perryman | Paralegal | 111.6 | $ 22,320.00 |
| Ebony Allen | Paralegal | 0.2 | $ 37.00 |
| Anna Roland | Paralegal | 10.8 | $ 1,292.00 |
| Amanda Welker | Paralegal | 52.7 | $ 6,590.00 |
| Daniel Frew | Paralegal | 0.1 | $ 12.50 |
| Aleanah Arraya | Paralegal | 7.7 | $ 1,180.50 |
| Zariah D. Jones | Paralegal | 1.1 | $ 225.00 |
| **Total Staff Time** | | **1,300.8** | **$ 266,660.50** |
| **Total** | | **3,922.5** | **$ 1,796,166.00** |

Pls.' Mot. at 17.[6] Plaintiffs argue that the hours expended by Lewis Rice are appropriate and reasonable, including the fact that plaintiffs prevailed on all claims in this matter and that records demonstrate that the government's attorneys and staff expended more hours on this case than Lewis Rice's attorneys and staff at various critical milestones in the litigation. *Id*. at 21–22.

Based on the billing records submitted, the Court will impose a $95,000 reduction in the amount of attorneys' fees requested for reimbursement, which roughly equates to five-percent of the total amount of fees sought by plaintiffs. Upon a detailed review, the Court identified many instances of meaningful time recorded on non-reimbursable tasks, including document assembly and data management tasks. *See,* Exhibit A to Pls.' Mot. at 147, 153-54, 159-60, 162-63, 166, 195, ECF No. 213-1. Other examples of non-reimbursable time presented for reimbursement abound, including substantial time recorded on unspecified and/or vague conferences and correspondence. *Id*. at 6, 11, 14, 73, 130, 132, 136, 143, 165, 195 (non-exhaustive examples of time recorded for unspecified conferences); *id*. at 11, 14, 27, 43, 53, 58, 78, 83, 103, 117, 129, 153, 185 (non-exhaustive examples of time recorded for unspecified and/or vague client and internal correspondence). This is not the first time that Lewis Rice has been admonished for these billing deficiencies. *Arnold*, 163 Fed. Cl. 13, 39 (2022) (identifying "unspecific client correspondence" and "unspecified communication" as deficiencies in Lewis Rice billing records).

---

[6] As discussed above, *supra* note 1, plaintiffs also seek reimbursement of $89,720 in additional fees incurred between May 7 and October 22, 2025. Pls.' Reply at 8–9. These additional fees consist of 127.7 hours of attorney time and 19.8 hours of staff time. *Id*. at 8. This additional time—combined with the 3,922.50 hours sought for reimbursement in plaintiffs' original motion—totals to 4,135.10 hours.

9

In addition to the $95,000 reduction, the Court will impose a further reduction of $7,000 to the total amount of fees sought for reimbursement. This amount represents the fees incurred between May 7 and May 15, 2025. Pls.' Reply (Exhibit M) at 2. Plaintiffs filed their opening motion for attorneys' fees on May 15, 2025. *See* Pls.' Mot. That opening motion, however, only sought reimbursement for attorneys' fees through May 7, 2025. *Id*. at 22. On October 22, 2025, plaintiff filed a reply in support of its motion for fees and expenses, making clear that plaintiffs were also seeking reimbursement for additional fees incurred since May 7, 2025. *Id*. at 8. Plaintiffs have not explained why they failed to include the fees incurred between May 7 and May 15, 2025 in their opening motion. The Court therefore declines to award any fees for this eight day stretch of time.

With the foregoing adjustment to the claimed amount of fees, the Court awards plaintiffs' attorneys' fees in the amount of $1,783,886.

### III. Expenses

In addition to reasonable attorneys' fees, successful plaintiffs are entitled to the reimbursement of reasonable expenses incurred in the course of the litigation. *Bratcher*, 136 Fed. Cl. at 801; 42 U.S.C. §4654(c). To recover litigation expenses, plaintiffs must demonstrate that the costs incurred were "reasonable and necessary" in furtherance of the case and produce adequate proof to facilitate the Court's review. *Id.* (quoting *Oliveira v. United States*, 827 F.2d 735, 744 (Fed. Cir. 1987)). In this case, plaintiffs seek reimbursement for $597,228.81 in expenses incurred. Pls.' Mot. at 27–28; Pls.' Reply at 8. The total amount is broken down roughly as follows:

| General Expense Category | Amount |
|---|---|
| Experts | $ 409,167.82 |
| Discovery | $ 65,928.85 |
| Pre-Trial Travel | $ 25,677.93 |
| Trial Travel[15] | $ 35,254.29 |
| Post-Trial Travel | $ 1,775.93 |
| Transcripts | $ 49,312.23 |
| Trial & Post-Trial Printing | $ 6,163.57 |
| Postage | $ 2,641.44 |
| Filing Fee | $ 400.00 |
| Miscellaneous | $ 167.00 |
| FOIA Request | $ 600.00 |
| **Total** | **$ 597,089.06** |

Pls.' Mot. at 28.[7] In its discretion, the Court finds these expenses to be reasonable and therefore orders that plaintiffs be reimbursed for $597,228.81 in expenses.

---

[7]   The additional expenses of $139.75 incurred after May 7, 2025 appear to consist entirely of transcript-related expenses for the hearing held before the Court on July 2, 2025.

## CONCLUSION

The Court **GRANTS-IN-PART** and **DENIES-IN-PART** plaintiffs' motion for attorneys' fees, ECF No. 213, with downward adjustments made for the reasonable number of hours spent litigating this matter. The Court finds that counsel's rates in this case are reasonable and awards plaintiffs $1,783,886 in attorneys' fees. The Court also awards $597,228.81 for plaintiffs' reasonable litigation expenses. In sum, the Clerk shall enter judgment for plaintiffs in the amount of $2,381,114.81.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge